**Willie Paul VIGIL, Jr., Petitioner— Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 04–15132.
D.C. No. CV–02–01490–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Decided May 11, 2005.

Willie Paul Vigil, Jr., Coalinga, CA, pro se.

Robert V. Vallandigham, Jr., Sausalito, CA, for Petitioner—Appellant.

Allen Robert Crown, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent—Appellee.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM [*]

Vigil argues that the trial court violated his due process rights by failing to instruct the jury that a "willful" failure to register in violation of Cal. Pen.Code § 290 requires a finding that appellant had actual knowledge of his duty to register. Although the instruction was erroneous,[1] we cannot reverse for this constitutional error if it was harmless beyond a reasonable doubt.[2]

The California Court of Appeal held that the error was harmless because (1) Vigil was properly notified of his duty to register a change of address in 1987 and 1990; (2) Vigil did register his change of address from Buena Vista to Floyd Street in 1990, showing that he knew of and understood his duty; and (3) when apprehended, Vigil told police that his duty to register his change of address had ended because his sex offenses had occurred "more than ten years ago" (though he did not testify to this belief), yet his 1987 and 1990 notifications had included no such time limit. The court emphasized Vigil's prior compliance as showing knowledge of his duty and the absence of any evidence to the contrary. (Vigil did not testify).

This state court decision was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] We are satisfied that the instructional error in this case was "harmless beyond a reasonable doubt." There was no evidence from which Vigil might have persuaded a jury to have a reasonable doubt as to whether he knew of his obligation. We cannot conclude in this case that the state court's application of the harmless-error test was unreasonable.

Vigil argues that failure to instruct that actual knowledge was required to convict might have mattered because he might not have realized that occasionally staying over at his mother's Fifth Street address constituted a residence. This could not have given rise to a reasonable doubt, because Vigil would still have violated the statute by failing to register the Buena Vista address where he was living at least part-time.

Vigil argues that under *Cheek v. United States*[4] he was entitled to an instruction that if he labored under a mistake of law (the belief that his duty to register expired in ten years), he could not be deemed to have acted wilfully. This claim is procedurally barred because Vigil did not advance it in the California Court of Appeal

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See People v. Garcia*, 25 Cal.4th 744, 107 Cal.Rptr.2d 355, 23 P.3d 590, 596 (2001).

2. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

3. 28 U.S.C. § 2254(d)(2).

4. *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).

or the district court.[5]

**AFFIRMED.**

---

**5.** *See Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998) (a claim not raised in a habeas petition is not cognizable on appeal).

